UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

BRIAN VALENTI,

    Plaintiff,

    v.    CASE NO. 1:25-CV-477-HAB-ALT

JIM HEFLIN, et al.,

    Defendants.

## OPINION AND ORDER

Plaintiff Brian Valenti, proceeding *pro se*, filed his Complaint against Defendants Sheriff of Blackford County Jim Heflin and the Blackford County Sheriff's Department on August 19, 2025, in Blackford County Circuit Court. (ECF No. 3). At the same time, he filed a Motion for Temporary Restraining Order and Preliminary Injunction. (ECF No. 4). On September 9, 2025, Defendants filed a Notice of Removal to this Court, asserting that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as Valenti alleges violations of his constitutional and civil rights under 42 U.S.C. § 1983.

Valenti's Motion arises from an interaction with Heflin upon his release from incarceration in the Blackford County Security Center on August 18, 2025. Compl. ¶3, Mot. at 2. Valenti was convicted of an offense in California in 1993 that required him to register as a sex offender upon his move to Blackford, Indiana in 2014. Compl. ¶¶ 10-14. In 2023, Valenti received a letter stating that he was no longer required to register as a sex offender in Indiana. *Id.* ¶16. That same year, Valenti was removed from the California Sex Offender Registry. *Id.* ¶17.

Valenti states that at no time was he required to register as a violent sex offender in either State. *Id.* ¶¶11-15. However, he alleges that, upon his release from the Blackford County Security

Center on August 18, Heflin told him he had either to register as a "violent sexual predator" within 72 hours of his release or face arrest for failing to do so. *Id.* ¶¶ 18-20; Mot. at 2. In his Motion, Valenti asks the Court for an order restraining Defendants from "re-classifying Plaintiff has [sic] a violent sexual predator or arresting Plaintiff for failure to register as a violent sexual predator." Mot. at 2.

Defendants did not file a response to Valenti's Motion. However, in their Answer to Valenti's Complaint, Defendants "deny the Plaintiff is entitled to the emergency relief he requests as he has not been required to register." Answer & Aff. Defenses at 5 (ECF No. 8). In their Affirmative Defenses, Defendants "allege and say that all of Plaintiff's claims set forth in the Complaint are now moot, as he has been notified that he is not required to register as a sex offender." *Id.* at 9. Valenti has not contradicted these statements, despite submitting two other filings since the Answer was filed. *See* Notice of Clarification and Motion for Sanctions (ECF No. 11); Response to Answer (ECF No. 17). There is no use in this Court issuing an order restraining Defendants from "re-classifying Plaintiff has [sic] a violent sexual predator or arresting Plaintiff for failure to register as a violent sexual predator," as Defendants have stated they are not requiring Valenti to register as a sex offender and have notified him to that effect.

For these reasons, then, Valenti's Motion for Preliminary Injunction (ECF No. 4) is DENIED as moot.

**SO ORDERED** this 13th day of November 2025.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT